UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROLL ON EXPRESS, INC., d/b/a
1-888-LUBES911, INC.,

                        Plaintiff,

      -against-

TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT,

                        Defendant.
------------------------------------------------------------x

MEMORANDUM
AND ORDER

09-CV-213 (RLM)

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        Plaintiff Roll On Express, Inc. ("plaintiff" or "Roll On") brought this action against defendant Travelers Indemnity Company of Connecticut ("defendant" or "Travelers"), in New York State Supreme Court, Kings County, on October 23, 2008. The suit sought a declaratory judgment requiring Travelers to defend and indemnify Roll On in connection with claims brought against Roll On by Bass Oil, for damage to Bass Oil's property following a motor oil spill allegedly caused by one of Roll On's employees. See Notice of Removal (attaching Oct. 23, 2008 Complaint ("10/23/08 Complaint")) (Jan. 20, 2009), Docket Entry ("D.E.") #1. Travelers removed the action to this Court on January 20, 2009, and the parties thereafter consented to have this case handled for all purposes by a magistrate judge. See Consent to Jurisdiction by United States Magistrate Judge (Feb. 20, 2009), D.E. #5.

        On May 28, 2009, while discovery was ongoing but approximately seven weeks after the court-imposed deadline for amending the pleadings and adding new parties as of right, see

Minute Entry and Order (Feb. 18, 2009), D.E. #4, plaintiff filed a letter requesting permission to amend its pleadings to add two new defendants: insurance broker Kurby Insurance Brokerage Corporation ("Kurby" or "the broker") and agent AlliancePlus, Inc. ("AlliancePlus" or "the agent"). See Letter from Matthew Aboulafia, Counsel for Plaintiff, to the Court (May 28, 2009) ("5/28/09 Pl. Letter"), D.E. #14. In its initial letter-request, plaintiff noted that the addition of these two New York corporations would destroy the diversity jurisdiction on which removal was predicated, and plaintiff therefore requested joinder and remand to state court. See id.

In opposing plaintiff's application, defendant proffers three reasons why the Court should deny plaintiff's request. See Letter from Daren S. McNally, Counsel for Defendant, to the Court (June 2, 2009) ("6/2/09 Def. Response"), D.E. #16. First, defendant argues that the case is at a late stage in discovery and, because plaintiff's request was filed after the April 10th deadline for amending as of right, granting the application would prejudice defendant and delay the litigation. Id. at 1. Second, defendant maintains that plaintiff's application does not fall within the scope of permissive joinder under Rule 20(a)(2) of the Federal Rules of Civil Procedure, because the legal and factual issues underlying the pending claim against defendant insurer are significantly different than the issues implicated by the claims against the broker.[1] Id. at 2. Third and finally, defendant contends that plaintiff's "true goal" is to secure a remand of the case to state court. Id. Plaintiff disputes each of these contentions. See Letter

---

[1] Traveler's arguments refer to Roll On's claim against "its broker," but do not address Roll On's proposed claim against the agent. See 6/2/09 Def. Response, at 2.

from Matthew Aboulafia, Counsel for Plaintiff, to the Court (June 8, 2009) ("6/8/09 Pl. Reply"), D.E. #20.

Based on well-established case law ignored by both parties,[2] the Court concludes that joinder is permissible under Rule 20(a)(2) and is consistent with standards of fundamental fairness articulated by courts in this circuit. Therefore, the Court grants plaintiff's request to amend the complaint to add claims against the two new defendants, and remands the case to state court, pursuant to 28 U.S.C. § 1447(e).

## DISCUSSION

The relevant statutory framework is 28 U.S.C. § 1447(e), which provides in pertinent part that if a plaintiff in a diversity action seeks to join a non-diverse party (thereby destroying complete diversity), "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e) (2008). In order to determine whether joinder is appropriate, courts engage in a two-step analysis, under which they (1) evaluate whether joinder is permissible under Rule 20(a)(2) of the Federal Rules of Civil Procedure and, if so, then (2) ascertain whether "the balancing of certain relevant considerations weighs in favor of joinder and its necessarily attendant remand." See Abraham Natural Foods Corp. v. Mount

---

[2] None of plaintiff's three submissions in connection with this motion contains a single citation to any case law. See generally 5/28/09 Pl. Letter; 6/8/09 Pl. Reply; Letter from Matthew Aboulafia, Counsel for Plaintiff, to the Court (June 10, 2009) ("6/10/09 Pl. Supp. Letter"), D.E. #23. Of defendant's two submissions, only one cites any case law at all – a single decision that, as discussed *infra* p. 7, bears little resemblance to the instant case. See 6/2/09 Def. Response, at 1-2 (citing Travelers Indem. Co. of Conn. v. Losco Group, Inc., 150 F.Supp.2d 556 (S.D.N.Y. 2001)); see generally Letter from Daren S. McNally, Counsel for Defendant, to the Court (June 9, 2009) ("6/9/09 Def. Surreply").

Vernon Fire Ins. Co., 576 F.Supp.2d 421, 424 (E.D.N.Y. 2008); Gursky v. Nw. Mut. Life Ins. Co., 139 F.R.D. 279, 281-82 (E.D.N.Y. 1991); Wilson v. Famatex GmbH Fabrik, 726 F.Supp. 950, 952 (S.D.N.Y. 1989).

For the reasons detailed below, joinder of Kurby and AlliancePlus is permissible under Rule 20(a)(2), based on the common factual issues surrounding plaintiff's procurement of the insurance policy issued by Travelers. Additionally, joinder of the two proposed defendants is consistent with this circuit's requirement of fundamental fairness. Accordingly, the Proposed Amended Complaint attached to plaintiff's letter of June 8, 2009 is now plaintiff's operative pleading.[3]

**I. Permissive Joinder Under Rule 20(a)(2)**

The first step in the Court's analysis involves determining whether joinder is permissible under Rule 20(a)(2) of the Federal Rules of Civil Procedure. Under that Rule, parties may be joined as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As the Supreme Court has held in interpreting the Federal Rules, "joinder of claims, parties and remedies is strongly encouraged[,]" and "the impulse is toward the broadest possible scope of action consistent with fairness to the parties." United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966).

---

[3] Plaintiff has not amended its claim against Travelers. Compare 10/23/08 Complaint with Proposed Amended Complaint (attached to 6/8/09 Pl. Reply).

Defendant argues that joinder is improper here because plaintiff's claims against the three entities (Travelers, Kurby, and AlliancePlus) involve significantly different legal and factual issues. See 6/2/09 Def. Response. However, defendant overlooks decisions from this district, which expressly hold that joinder of insurance brokers and/or underwriters in actions against insurance companies is permissible where, as here, the claims against all parties relate to the insurance policy in dispute. See Abraham, 576 F.Supp.2d at 424 (holding that joinder was permissible under Rule 20(a) because "[w]hile the case against [the insurance company] may focus on the text of the policy and the case against [the broker] may focus on the obligations of an insurance broker in obtaining the policy, the facts are nonetheless substantially related."); Gursky, 139 F.R.D. at 282 (holding that joinder of a non-diverse broker was permissible because "all of plaintiff's claims arise out of one single transaction or occurrence – the completion of the [insurance] application in question.").

Here, the Court is faced with a factual scenario indistinguishable from that in Abraham and Gursky. Plaintiff's application seeks to join two New York corporations as defendants – the insurance broker and agent – on grounds of negligence and breach of contract in connection with plaintiff's application for insurance. See 5/28/09 Pl. Letter. To be sure, plaintiff's claim against Travelers involves the text and substance of the policy, while its claims against Kurby and AlliancePlus relate to the negotiation of its terms. Nevertheless, as the Honorable I. Leo Glasser recently noted in Abraham: "[T]he coverage claim and the broker malpractice claim will each look to the text of the policy and the manner in which the policy was obtained." Abraham, 576 F.Supp.2d at 424. Therefore, because each of the alleged

claims arises from a single transaction or occurrence (or from a series of transactions or occurrences), and all involve common issues of law and fact, joinder is permissible under Rule 20(a)(2). See generally Wilson, 726 F.Supp. at 951 (permitting plaintiff, in a products liability action, to add a medical malpractice claim against his treating physician, as "the two incidents are part of a series of occurrences which have allegedly contributed to the current condition of [plaintiff's] finger[,]" and thus involve "[c]ommon questions of law and overlapping questions of fact . . . .").

## II. Fundamental Fairness

Having determined that joinder is permissible under Rule 20(a)(2), the Court must next consider the second aspect of the analysis: whether, as a matter of fundamental fairness, certain factors militate in favor of joinder and remand. See Abraham, 576 F.Supp.2d at 424-25. The Court's goal is "to balance the general preference for a broad scope of action against concerns relating to the manipulation of jurisdiction by a plaintiff." Id. at 425. In connection with this determination, the Court must consider the totality of the circumstances and, in particular, must weigh four factors: "(1) any delay, and its reasons, in moving to amend; (2) any resulting prejudice to the defendants; (3) the likelihood of multiple litigations; and (4) the plaintiff's motivation in moving to amend." Id. (citing Gursky, 139 F.R.D. at 282).

The first factor in this balancing test is the degree to which granting plaintiff's motion to amend would delay the final adjudication of the case. See Krumme v. WestPoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998) (internal citations and quotations omitted). Courts have held that "[a]bsent a showing of bad faith or undue prejudice, 'mere delay' does not provide a

basis for the district court to deny the right to amend." See Aries Ventures Ltd. v. Axa Fin. S.A., 696 F.Supp. 965, 969 (S.D.N.Y. 1988) (internal citations omitted); see also Abraham, 576 F.Supp.2d at 425 (holding that while plaintiff's six-month delay in acquiring information supporting claims against the new defendants did not reflect well on its diligence, that time frame in itself "[did] not support an inference of unreasonable delay."). In contrast, last-minute requests for joinder may be found to prejudice a defendant. See Travelers Indem. Co. of Conn. v. Losco Group, Inc., 150 F.Supp.2d 556, 565 (S.D.N.Y. 2001) (denying request to join non-diverse party where discovery had been "completed for months" and where joinder would necessitate the reopening of discovery and thus cause significant delay); Aries, 696 F.Supp. at 969-70 (refusing to allow an "eleventh hour" joinder of two additional parties that were likely insolvent, as joinder would accomplish "little other than delay" and thus would "severely prejudice" defendant).

In the instant case, granting plaintiff leave to amend will undoubtedly cause some delay in the final adjudication of this action. Nevertheless, the Court is not persuaded that discovery is at such an "advanced stage" that joinder and remand would present an *unreasonable* delay. See 6/2/09 Def. Response, at 1. Here, in contrast to Losco (on which defendant relies), discovery is ongoing, with multiple depositions and supplemental document productions to be completed. See 6/8/09 Pl. Reply; see also Letter from Daren S. McNally, Counsel for Defendant, to the Court (June 4, 2009) ("6/4/09 Def. Letter"), at 1. Furthermore, although plaintiff filed its request to add new parties seven weeks after the April 10th deadline for amendments, plaintiff explained that the need to amend first became apparent through

discovery taken or obtained in May.  See 5/28/09 Pl. Letter.

Moreover, defendant has also contributed to the delays in this case. In fact, in the midst of briefing the pending application, defendant requested and obtained a 45-day extension of the discovery deadline, as well as an adjournment of the June 16th arbitration hearing. See 6/4/09 Def. Letter. Consequently, defendant's concerns of delay ring somewhat hollow, and do not warrant denial of plaintiff's request. See, e.g., Abraham, 576 F.Supp.2d at 425 (several-month delay in amending the complaint after receiving discovery concerning potential causes of action against broker did not constitute unreasonable delay); Wilson, 726 F.Supp. at 952 (excusing delay of ten months between the filing of the original complaint and motion to amend).

The second factor in the Court's analysis of fundamental fairness is whether granting plaintiff's motion would unfairly prejudice defendant. See Abraham, 576 F.Supp.2d at 424. Defendant argues that joinder and remand would cause "significant prejudice" through "additional discovery regarding Plaintiff's unrelated claims against its broker." See 6/2/09 Def. Response, at 1. While the potential for additional discovery alone is not sufficient to constitute prejudice, see Gursky, 139 F.R.D. at 283 (noting that "[t]he need to conduct additional discovery is standard fare when pleadings are amended"), joinder should not be permitted where adding defendants would open a "Pandora's box" of discovery. See Barr Rubber Prods. Co. v. Sun Rubber Co., 425 F.2d 1114, 1127 (2d Cir. 1970) (case had been pending for four-and-one-half years); accord Losco, 150 F.Supp.2d at 565.

Defendant's focus on "unrelated" discovery misses the mark. As mentioned above, the

facts surrounding the procurement of the insurance policy and the text of the policy will likely involve substantial overlap, regardless of the precise legal standards governing each claim. In addition, even if granting the request to amend would somewhat delay the resolution of this case, "it is not clear that such a delay is prejudicial to [Travelers]." Abraham, 576 F.Supp.2d at 425. In fact, as Judge Glasser noted in Abraham, "[t]o the extent that resolution of this case is delayed by remand to state court, the date at which [defendant] would potentially have to pay out on the insurance policy that it issued to the plaintiff is also delayed." Id. at 425-26.

Further, plaintiff has expressed its intention to initiate an action against Kurby and AlliancePlus in state court if this Court denies its request to amend. See 6/8/09 Pl. Reply. Any such separate action would likely include discovery requests directed to defendant, as a non-party, concerning the policy, and would thus impose additional costs on Travelers. See id.[4] Additionally, any liability on the part of an insurance agent might well be imputable to the insurer, providing Travelers with further interest in the outcome of any separate proceeding against the agent. See generally Rendeiro v. State-Wide Ins. Co., 777 N.Y.S.2d 323, 324 (2d Dep't 2004) (collecting cases addressing when broker will be held to have acted as the insurer's agent). Accordingly, while joinder and remand would entail additional discovery, so too would a separate state court action, and thus granting plaintiff's motion would not unfairly

---

[4] In addition, plaintiff has supplied persuasive evidence that counsel for Travelers has appeared for AlliancePlus in connection with a subpoena that plaintiff served on it in this action. See 6/10/09 Pl. Supp. Letter (attaching email from defense counsel's firm); but see 6/9/09 Def. Surreply, at 1 (denying that "Travelers . . . represent[s] the Agent in this matter . . . .").

prejudice defendant.

The third factor in the Court's analysis is the likelihood of multiple litigations if joinder is denied. See Abraham, 576 F.Supp.2d at 426. The Court in Abraham noted that general federal policy counsels in favor of joinder in the interest of judicial economy, even absent a total congruence of legal or factual issues. Id. ("The standard for permissive joinder as articulated by Rule 20, is not an identity of claims, but rather, if any question of law or fact common to all defendants will arise in the action.") (internal citations and quotations omitted). Here, no reason appears to doubt plaintiff's representation that "[if] joinder is not allowed in this action, [it] will nonetheless institute suit against both the broker and agent in State Court." See 6/8/09 Pl. Reply. Therefore, the interest of preventing an inefficient proliferation of multiple litigations weighs (however slightly) in favor of joinder. See Abraham, 576 F.Supp.2d at 426; see also Gursky, 139 F.R.D. at 283 ("[R]emand of the present action will avoid wasting judicial resources as well as the inherent dangers of inconsistent results . . . ."); Wilson, 726 F.Supp. at 952 ("If joinder is not permitted, a multiplicity of lawsuits may ensue, resulting in extra expense to the parties, the waste of judicial resources and the possibility of conflicting outcomes in separate proceedings involving common questions of law and fact.").

The fourth and final factor in the Court's analysis is plaintiff's motivation in moving to amend. See Abraham, 576 F.Supp.2d at 425. Joinder is not warranted where a plaintiff seeks to add the non-diverse parties "solely" to bring about a remand to state court. See Gursky, 139 F.R.D. at 283. However, "when there is no showing that the plaintiff seeks to join the additional defendants solely to effectuate a remand, the better rule seems to be that 'in the

exercise of . . . sound discretion the court may permit a new [non-diverse] party to be added . . . .'" Shaw v. Munford, 526 F.Supp. 1209, 1213-14 (S.D.N.Y. 1981) (quoting 1A Moore's Federal Practice, ¶ 0.161(1), at 209 (2d ed. 1981)) (ellipses added by court); accord Grogan v. Babson Bros. Co., 101 F.R.D. 697, 700 (N.D.N.Y 1984).

More specifically, joinder may be allowed where, as here, a plaintiff discovers new information, subsequent to filing its complaint, that warrants the addition of new parties. See Abraham, 576 F.Supp.2d at 426 (holding that the absence of bad faith favored joinder of an insurance broker and underwriting agencies in an action against an insurer where plaintiff reasonably contended that it had not included the non-diverse parties in the original complaint because it relied on the broker's assurance that it was covered by the policy)*;* see also Gursky, 139 F.R.D. at 283 (holding that plaintiff's motion to amend was not motivated by bad faith where, after filing her complaint, new facts emerged which warranted the joinder of additional parties); Grogan, 101 F.R.D. at 700 (holding that plaintiff's motion to amend was based on legitimate reasons where plaintiff learned, subsequent to filing its complaint, that he had incorrectly identified the manufacturer of the defective equipment at issue, necessitating the joinder of non-diverse parties).

Defendant argues that plaintiff's request to amend is made in bad faith and that its "true goal" in joining the new parties is "simply to have the case remanded to state court." See 6/2/09 Def. Response, at 2. Plaintiff, on the other hand, claims that it learned of the necessity to add the broker and agent based on documents recently produced by defendant and on facts that came to light during the course of depositions conducted a month after the April 10, 2009

deadline for amendment. See 5/28/09 Pl. Letter. The holdings in Abraham, Gursky, and Grogan support the conclusion that the revelation of previously unknown, significant facts constitutes legitimate grounds for joinder of non-diverse parties. Further, contrary to defendant's contentions, plaintiff's awareness of the consequences of joinder in this case – i.e., remand – does not, without more, establish that remand is plaintiff's real objective. Apart from defendant's conclusory accusations, here, as in the aforementioned three cases, the record contains no evidence of bad faith on the part of plaintiff. Therefore, plaintiff's motivation for its request to add Kurby and AlliancePlus is not improper and supports joinder of those defendants.

In sum, granting plaintiff's application would not unreasonably delay the resolution of this action, or unfairly prejudice defendant with respect to additional discovery. Furthermore, plaintiff's request does not evidence a primary motive to remand the action and, failing joinder, plaintiff justifiably intends to bring claims against Kurby and AlliancePlus in state court. Therefore, considering the interests of fairness and judicial economy, the Court discerns no persuasive reason to stray from the general policy favoring joinder in this case.

### III. Remand to State Court

It is undisputed that the addition of the two non-diverse defendants divests this Court of diversity jurisdiction, the jurisdictional predicate for this lawsuit. Consequently, the case must be remanded to New York State Supreme Court, Kings County, pursuant to 28 U.S.C. § 1447(c).

### **CONCLUSION**

For the foregoing reasons, the Court grants plaintiff's application to amend the complaint to add the two new defendants, and the Proposed Amended Complaint is now plaintiff's operative pleading. As the joinder of the new defendants destroys complete diversity, the Clerk of the Court is directed to remand the case to New York State Supreme Court, Kings County, pursuant to 28 U.S.C. § 1447(c).

The July 21st arbitration hearing is cancelled.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**July 2, 2009**

                                     **ROANNE L. MANN**
                                     **UNITED STATES MAGISTRATE JUDGE**